FILED
AUG 0 8 2007

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| F. ALLEN COOK, | * | CIV 07-4108 |
| Petitioner, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER |
| | * | |
| JOHN R. HINRICHS, HON. GLEN A. | * | |
| SEVERSON; DAVID R. NELSON, | * | |
| | * | |
| Respondents. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the petitioner's application for writ of mandamus seeking to stop his prosecution in Magistrate Court in Minnehaha County, South Dakota. Petitioner seeks leave to proceed *in forma pauperis*. Having reviewed the petitioner's financial affidavit, the Court finds that he satisfies the requirements to proceed without prepayment of fees under 28 U.S.C. § 1915(a). Petitioner will remain responsible to pay the $350.00 filing fee when he is financially able.

Under section 1915(e)(2)(B), the Court must next determine whether the claims in the complaint: (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. Petitioner alleges that the defendants falsely accused him of committing crimes and that the state court lacks jurisdiction over him. He attached copies of three bench warrants for his arrest for failure to appear on the following charges:

SDCL 32-35-113 FAIL TO MAINTAIN FINANCIAL RESPONSIBILITY
SDCL 32-12-22 NO DRIVERS LICENSE
SDCL 32-5-98 NO PROPER LICENSE PLATES ON VEHICLE
SDCL 99-1-126 MUNICIPAL SPEEDING IN SCHOOL ZONE
SDCL 32-12-22 NO DRIVERS LICENSE

The petitioner's deadline for entering into a plea with the State is August 14, 2007. He requests a writ from this Court ordering that the prosecution cease in state court and that his record be expunged. He

also seeks expenses in excess of $8,500 allegedly incurred as a result of the "false prosecution" for these crimes.

Rule 81(b) of the Federal Rules of Civil Procedure abolished the writ of mandamus in civil actions in federal district courts. *See* Fed. R. Civ. P. 81(b); *Booker v. State of Arkansas*, 380 F.2d 240, 242 (8th Cir. 1967) (*abrogated on other grounds, Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)) The Mandamus Act provides that "[t]he district courts shall have original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Thus, this court has no authority to compel action by state officers, including state judicial officers. *See, e.g., Veneri v. Circuit Court of Gasconade County*, 528 F. Supp. 496, 498 (E.D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Accordingly, this petition will be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted. *Cf. Craigo v. Hey*, 624 F.Supp. 414 (S.D.W.Va. 1985) (sua sponte dismissal of petition for writ of mandamus seeking to compel state court to schedule a case for trial based on frivolousness, and district court notes it lacks jurisdiction).

Defendants' immunity is another reason the Court must dismiss the petitioner's claim for monetary relief. Absolute judicial immunity applies when a challenged action is 1) a judicial act which is 2) performed under circumstances in which there is not "a clear absence of jurisdiction over the subject matter." *Stump v. Sparkman*, 435 U.S. 349 (1978). Magistrate Judge John Hinrichs was performing a judicial act in signing the bench warrants for the petitioner's arrest and he is immune from liability. Petitioner fails to allege any facts in support of a claim against Judge Glen A. Severson, so Judge Severson is entitled to dismissal on that basis as well as on the basis of judicial immunity. A prosecutor is accorded absolute immunity for all activities which are an integral part of the judicial process. *Imbler v. Pachtman*, 424 U.S. 409 (1976). All of the petitioner's contacts with State's Attorney David R. Nelson arose from initiating a prosecution, and Mr. Nelson also is entitled to immunity.

In addition, the Supreme Court has held that federal courts are not to enjoin pending criminal proceedings in state courts except "under special circumstances." *See Younger v. Harris*, 401 U.S. 37, 41 (1971). The Supreme Court has noted that exceptions to the *Younger* abstention doctrine are "narrow." *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 612 (1975). In determining whether to invoke the *Younger* abstention doctrine, the Court must evaluate three issues: "(1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475, 479 (8th Cir. 1998). If these three questions are answered affirmatively, "a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

In this case, the action clearly constitutes an ongoing state judicial proceeding. The second issue is also answered affirmatively because enforcing criminal laws implicates important state interests. *See Postscript Enterprises, Inc. v. Peach*, 878 F.2d 1114, 1116 (8th Cir. 1989); *Younger*, 401 U.S. at 43-44. Petitioner may raise his federal constitutional claims in the pending state criminal proceeding, answering the third question in the affirmative. *See Neal v. Wilson*, 112 F.3d 351, 356-57 (8th Cir. 1997) (finding that plaintiff had an adequate opportunity to raise federal claims where the plaintiff had not pointed to any state obstacle preventing him from raising his federal claims in the state proceedings); *City of Rapid City v. Albertus*, 310 N.W.2d 167 (S.D. 1981) (South Dakota Supreme Court considers appeal alleging violation of due process in prosecution for traffic offense). Because the three issues for evaluating whether to invoke the *Younger* abstention doctrine have been answered affirmatively, the remaining issue is whether the Court detects bad faith or harassment in the state prosecution of the petitioner.

In the context of determining whether the petitioner is facing a "bad faith" state prosecution, "bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *LeWellen v. Raff*, 843 F.2d 1103, 1109 (8th Cir. 1988) (quoting *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975)). "Bad faith and harassing prosecutions also encompass those prosecutions that are initiated to retaliate for or discourage the exercise of constitutional rights."

*Id.* If a showing is made that the prosecution was brought to retaliate for or to discourage the exercise of a constitutional right, an injunction will be warranted regardless of whether the state could obtain a valid conviction. *Id.*

There is no evidence that this prosecution was brought in bad faith. Based on the petitioner's Brief in Support of Motion to Abate for Lack of Jurisdiction, it appears he believes that he has a right to travel in his automobile on public roads without a driver's license and without having to submit to any other regulations. Because of this erroneous belief, the petitioner thinks his arrest for failure to appear in court on traffic violations was false. He also alleges that the charging documents are inadequate. None of the petitioner's allegations rise to the level of a bad faith prosecution. Thus, the Court must abstain from interfering in the state's prosecution of the petitioner pursuant to *Younger*. Accordingly,

IT IS ORDERED:

(1) That F. Allen Cook's motion to proceed in forma pauperis, doc. 3, is granted, but F. Allen Cook will remain responsible for the $350.00 filing fee and must pay it when he is financially able.

(2) That the Petition for Writ of Mandamus, Doc. 1, is denied.

Dated this _____ day of August, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
   (SEAL)      DEPUTY